IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |  |
|---|---|---|---|
| (1) | MICHAEL WILHOIT, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | Civil Action No. CIV-14-991-F |
| v. | | ) | |
| | | ) | |
| (1) | ASTELLAS PHARMA | ) | |
| | TECHNOLOGIES, INC., | ) | |
| | | ) | |
| | Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL WILHOIT, files this action against Defendant, ASTELLAS PHARMA TECHNOLOGIES, INC., and by way of complaint against Defendant alleges the following:

## I. Nature of Action

1.1     This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the termination of Plaintiff's employment. The action specifically seeks to enforce rights created under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq*. As redress for Defendant's violation of the ADA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, punitive damages, damages for emotional distress and attorney fees and costs.

## II.  Jurisdiction and Venue

2.1     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.2     At all relevant times, Defendant has continually been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5) and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7).

2.3     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

2.4     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.  Plaintiff filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission.  On or about August 13, 2014 the EEOC issued to Plaintiff a Notice of Right to Sue.  On or about August 13, 2014 the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  This suit is instituted within the 90-day deadline contained within the notice.

## III.     Parties

3.1     Plaintiff is a male citizen of the United States and a resident of Cleveland County, Oklahoma.

3.2     Defendant is foreign corporation registered to do business in the State of Oklahoma.  Process may be served upon its duly authorized agent: Corporation Service Company, 115 S.W. 89th St., Oklahoma City, Oklahoma 73139.

### IV.    Background Facts

4.1     Defendant is a large multi-national pharmaceutical company.

4.2     On or about December 13, 2013 Defendant hired Plaintiff for the position of Information Technology within Technical Support at the Norman, Oklahoma facility.

4.3     Plaintiff had always met or exceeded his performance standards.

**Heart Attack**

4.4     On or about June 6, 2014 Plaintiff suffered a heart attack and underwent double bypass surgery.

4.5     Plaintiff began a leave of absence to recover.

**Communications with HR**

4.6     During leave Plaintiff and Plaintiff's wife had communication with Pam Maguire, Human Resources, concerning his status.

4.7     On or about June 9, 2014 Ms. Maguire spoke to Plaintiff's wife by phone. When Plaintiff's wife inquired if Plaintiff's position would be held for him during his recovery, Ms. Maguire responded "probably not because they did not want another heart patient on their IT team, being that they already had a heart patient with limitations." She was referring to John Trent.

**Release and Termination**

4.8     On Friday, June 13, 2014, one day before hospital discharge, Ms. Maguire was in Plaintiff's hospital room with Plaintiff, his wife and physician.  After his physician discussed Plaintiff's work release, Plaintiff's wife inquired with Ms. Maguire of his

return.  Ms. Maguire repeated her doubt of allowing Plaintiff to return to work due to an existing heart patient on the IT team.

4.9    On or about June 14, 2014 Plaintiff was released from the hospital and later released to return to work on July 2, 2014.   When Plaintiff inquired with two team members, he was told his position had not been filled.

4.10    Plaintiff hand-delivered his physician release to his employment agency and, later that day, was told that his position had been filled by Defendant.

4.11    Based upon information and belief, Defendant never replaced or filled his prior to his termination.

## COUNT I:  ADA

5.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.11 of this Original Complaint.

5.2    Plaintiff was "regarded as having such an impairment" by Defendant within the meaning of 42 U.S.C. § 12102.(2)(C) and/or Plaintiff has a "record of such an impairment" within the meaning of (2)(B).

5.3    Defendant willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of a disability in the terms or conditions of his employment, and/or otherwise failed to reasonably accommodate Plaintiff's disability, by engaging in the following conduct: (a) by replacing Plaintiff during a medical leave of absence; (b) conditioning Plaintiff's employment upon less than one heart patient on the IT team; (c) terminating Plaintiff's employment after his release to return to work by his physician due to myth, fear or stereotype concerning heart attacks.   By engaging in such conduct,

4

Defendant violated § 12112(a), which makes it an unlawful employment practice for an employer to discriminate against any person with respect to hiring, discharge and other terms, conditions, and privileges of employment because of a disability, being regarded as disabled or record of impairment.

5.4     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary and employee benefits, he would have received as an employee of Defendant had he not been discharged in violation of the ADA.

5.5     As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

5.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

5.7     As a direct and proximate cause of the violations of the ADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

### Count II:     ADA Retaliation

6.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.7 of this Original Complaint.

6.2     Plaintiff was subjected to discrimination due to his disability or perceived disability in his employment and termination of employment.   Plaintiff requested a reasonable accommodation by allowing him a leave of absence to recover from heart

surgery. Defendant willfully, knowingly, and intentionally retaliated against Plaintiff for requesting a reasonable accommodation, by engaging in the following conduct: (a) by replacing Plaintiff during a medical leave of absence; (b) conditioning Plaintiff's employment upon less than one heart patient on the IT team; (c) terminating Plaintiff's employment after his release to return to work by his physician due to myth, fear or stereotype concerning heart attacks.   By engaging in such conduct, Defendant violated § 12112(a), which makes it an unlawful employment practice for an employer to discriminate against any person with respect to hiring, discharge and other terms, conditions, and privileges of employment because of a disability or being regarded as disabled or record of impairment.

6.3    Plaintiff's request for reasonable accommodations was a motivating factor in the discharge of his employment.  Defendant willfully, knowingly and intentionally retaliated or discriminated against Plaintiff on the basis of his requesting an accommodation to his disability or perceived disability in his termination of employment.

6.4    As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary and employee benefits, he would have received as an employee of Defendant had he not been terminated in violation of the ADA.

6.5    As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

6.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

6.7     As a direct and proximate cause of the violations of the ADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**Prayer for Relief**

WHEREFORE, PLAINTIFF prays that this Court:

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the ADA.

2.     An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3.     A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had he not been terminated by Defendant in violation of the ADA.

4.     An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, he would have enjoyed had he not been terminated by Defendant in violation of the ADA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, he would have received, from the date of judgment through the date he would have retired or resigned from employment at Defendant.

7

5.     A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct under the ADA.

6.     A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for their unlawful conduct.

7.     A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

8.      A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

9.     A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,


s/ Jeff A. Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:  (405) 286-1600
Facsimile:   (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

s/ Jeff A. Taylor
Jeff A. Taylor